# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

SHARISE ROBINSON,

On Behalf of Herself and
All Others Similarly Situated,

    Plaintiffs,

v.                                                       Case No. 4:17-cv-00818-MJW

CYPRESS MEDIA, L.L.C.,

    and

MILFORD VALLEY DISTRIBUTORS, L.L.C.,

    Defendants.

---

## PLAINTIFF'S FIRST AMENDED PETITION

**COME NOW** the Plaintiffs, Sharise Robinson, and all other individuals similarly situated, by and through their attorneys of record, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), hereby set forth, the following in support of their Amended Petition. Collectively, they set forth their causes of action against Defendants, under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA; the Kansas Wage Payment Act ("KWPA"), for violations of 26 U.S.C. § 7434, for breach of contract, and for relief in *quantum meruit*. In support thereof, the Plaintiffs assert and state as follows:

### PRELIMINARY STATEMENT

1. Plaintiff and others similarly situated bring this action against Defendants Cypress Media, L.L.C., (hereinafter, "Cypress"), and Milford Valley Distributors, L.L.C. (hereinafter, "MVD") for unpaid wages, and related penalties and damages.

2. Defendants' practices and policies have resulted in Defendants willfully failing to properly pay straight time and overtime due and owing to Plaintiff and all other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3. Further, Defendants, by requiring Plaintiff and other similarly situated individuals to pay back certain items from the payment amounts previously promised, have violated the Kansas Wage Payment Act.

4. Defendants have classified Plaintiff and others similarly situated as independent contractors, knowing that they were employees. Moreover, Defendants have issued Forms 1099 to Plaintiff and others similarly situated.

5. Defendants have received the benefits of the work of the Plaintiff and others similarly situated, and failed to compensate them for the reasonable value of these services.

6. Defendant Cypress, upon information and belief, is a California Limited Liability Company. It may be served through its registered agent.

7. Cypress subcontracted its newspaper distribution services to Defendant MVD, in lieu of keeping its distributors on payroll.

8. Cypress prints and distributes daily newspapers throughout the Kansas City Metropolitan Area.

9. Plaintiff and other similarly situated individuals distribute newspapers of the Defendants to the Defendants' customers. They are employees of the Defendants, and they routinely work more than 40 hours per week, and are not paid overtime, and in many instances are not paid minimum wage, for their work.

10. In addition, Defendants routinely make deductions from the Plaintiffs' paychecks.

11. Defendants have failed to pay wages and overtime to their employees by failing to pay them for all of their compensable time in violation of the FLSA. Plaintiff and others

similarly situated seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by the Defendant; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

12. Plaintiff incorporates by reference all foregoing paragraphs as if more fully asserted herein.

13. Named Plaintiff Sharise Robinson is a resident of Overland Park, Kansas.

14. For all times relevant herein, Named Plaintiff, was employed as an employee of the Defendant Cypress in Kansas City, Jackson County, Missouri. Plaintiff and all others similarly situated, for the purposes of this action, also have performed work as hourly employees of the Defendant at that location.

15. At all times pertinent hereto, the employees of Defendants acted as agents, within the scope of their employment, and Defendants are vicariously liable for the actions of their agents.

16. This matter is being refiled, after being previously dismissed without prejudice for failure to prosecute. The original case number was Jackson County 1716-CV06770, and filed on March 21, 2017.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over all matters asserted herein pursuant to the Missouri Constitution. It has subject matter jurisdiction over the Fair Labor Standards Act and 26 U.S.C. § 7434 claims as it is a court of competent jurisdiction.

18. The Court has personal jurisdiction over the parties as Defendant conducts business

in Jackson County, Missouri, by operating the Kansas City Star, and Plaintiff performed some of her work for Defendant in Missouri.

**COUNT I – FLSA CLAIMS**

19. Plaintiff hereby incorporates by reference all allegations set forth above as if fully asserted herein.

20. While employed by Defendant Cypress, Plaintiff performed work as a distributor of newspapers, frequently working 80 hour weeks.

21. During the Plaintiff's employment with the Defendant Cypress, the Defendant Cypress employed numerous other individuals, as distributors, who had similar responsibilities to the Plaintiff, and whose compensation structure was similar to the Plaintiff's, and who were also subject to Defendant's policies of failing to pay its workers.

22. Plaintiff brings her FLSA claim as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and all persons who were, are, or will be employed by the Defendant as hourly employees within three years from the commencement of this action who have not been compensated for all straight time and overtime premiums for all hours for which they suffered or were permitted to work.

23. Plaintiff and the putative plaintiffs are similarly situated in that they have been subjected to Defendant's common practices or policies of refusing to pay straight time and overtime for all hours worked in violation of the FLSA.

24. The names and addresses of the putative plaintiffs are available from the Defendant. To the extent required by law, Plaintiff will seek notice to be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in collective FLSA actions.

25. The FLSA requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

26. More generally, the Defendant has failed to compensate Plaintiff and all other similarly situated employees for all hours worked, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*

27. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

28. Plaintiff, on behalf of herself and all similarly situated employees of Defendant, seeks damages in the amount of all respective unpaid straight time with overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

29. Plaintiff, on behalf of herself and all similarly situated employees of Defendant, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed members of the FLSA representative action, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff Sharise Robinson as a Representative Plaintiff of the putative

members of the FLSA collective action, and designation of undersigned counsel as class counsel;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

d. An award of damages for straight time and overtime compensation due for the Plaintiff and the putative members of the collective actions, including liquidated damages, to be paid by Defendant;

e. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II – KANSAS WAGE PAYMENT ACT VIOLATIONS

30. Plaintiff hereby incorporates all paragraphs above as though fully set forth herein.

31. Defendant was an "employer" within the meaning of K.S.A. 44-313(a).

32. Plaintiff and all others similarly situated were an "employees" within the meaning of K.S.A. 44-313(b).

33. The compensation amounts earned by the Plaintiff and others similarly situated but not paid were "wages" within the meaning of K.S.A. 44-313(c).

34. Defendants have failed to fully compensate Plaintiff and others similarly situated for all hours worked.

35. Further, Defendants made numerous deductions from Plaintiff's earnings and the earnings of others similarly situated.

36. Defendant is liable to the Plaintiff and others similarly situated for unpaid wages plus one percent of the unpaid wages for each day, except Sunday and legal holidays, upon which

failure to pay the wages that continued after the eighth day after the day the payment was required or in an amount equal to 100 percent of the unpaid wages, whichever is less pursuant to K.S.A. 44-315(b).

**WHEREFORE**, Plaintiff and others similarly situated requests the Court to enter a judgment against Defendants in excess of $25,000.00, for past wages, for costs, for liquidated damages, for pre- and post-judgment interest, and for such other and further relief as the Court may deem just and equitable.

### COUNT III --QUANTUM MERUIT

37. Plaintiff hereby incorporates by reference all allegations set forth above, as if more fully asserted herein.

38. At Defendants' request, Plaintiff and other similarly situated employees provided services in the form of work for Defendants. These services had reasonable value.

39. Plaintiff and other similarly situated employees regularly worked off the clock, both before and after their recorded shifts, without being compensated for this time.

40. Defendants failed to adequately compensate Plaintiff and other similarly situated employees the reasonable value of these services performed on Defendant's behalf.

41. Defendants were unjustly enriched by the work of the Plaintiff and others similarly situated.

**WHEREFORE**, Plaintiff, individually, and on behalf of other individuals similarly situated, whom she represents, prays for judgment, in *quantum meruit*, against Defendants; for an award of compensatory damages, and for such other orders and further relief, including an award of costs and attorneys' fees, as this Court deems just and equitable.

### COUNT IV –BREACH OF CONTRACT

42. Plaintiff hereby incorporates all paragraphs above as though fully set forth herein.

43. Plaintiff and all others similarly situated had an agreement with the Defendants concerning their employment.

44. Defendants breached the agreement it had with Plaintiff by not paying the agreed upon wages.

45. Defendants' breach of the agreement was substantial and material.

46. Plaintiff and all others similarly situated have sustained damages from the Defendants' breach of the agreement.

47. Plaintiff and all others similarly situated have mitigated damages.

WHEREFORE, the Plaintiff, individually and behalf of all others similarly situated, requests the Court to enter a judgment against Defendant in excess of $25,000.00, for past and future wages, for pre- and post-judgment interest, for costs and for such other and further relief as the Court may deem just and equitable.

## COUNT V. VIOLATIONS OF 26 U.S.C. § 7434 FOR WILLFUL, FRAUDULENT, AND FALSE FILING OF A TAX RETURN

1. Plaintiff, and all others similarly situated incorporate the foregoing paragraphs as if more fully set forth herein.

2. As stated above, Plaintiff and all others similarly situated were employed as employees by Defendants.

3. During the last six tax years immediately preceding the filing of this action, Plaintiff and all others similarly situated were issued Forms 1099 for each year they worked for Defendants.

4. Defendants knew or should have known that the Plaintiff and all others similarly situated were employees and not independent contractors.

5. As a consequence of each putative Plaintiff being issued a 1099, the Defendants misclassified each putative plaintiff, and did so, fraudulently, willfully, and falsely, in violation of the provisions 26 U.S.C. § 7434, *et seq.*

6. As a direct and proximate result of the Defendant's violations set forth above, Plaintiff and all others similarly situated have suffered damages exceeding $5,000.00 for each of the last six tax years immediately preceding the filing of this action.

WHEREFORE, Plaintiff and all others similarly situated pray for relief as follows:

A. Judgment in favor of Plaintiff and all others similarly situated against Defendant.

B. An award of damages under 26 U.S.C. § 7434 in the amount of, for each year that each putative plaintiff was employed, the greater of $5,000.00, or each putative plaintiff's actual losses resulting from Defendant's violation.

C. Reasonable costs and attorney's fees pursuant to 26 U.S.C. § 7434 (b) (3).

## COUNT VI. NEGLIGENT FILING OF A TAX RETURN

7. Plaintiff and all others similarly situated incorporate the foregoing paragraphs as if more fully set forth herein.

8. As stated above, Plaintiff and all others similarly situated were employed as employees by Defendants.

9. During that period, each putative plaintiff was issued Forms 1099 for each year he or she worked for Defendants.

10. Defendants knew or should have known that each putative plaintiff was an employee and not an independent contractor.

11. As a consequence of each putative plaintiff being issued a 1099, the Defendants misclassified each putative plaintiff, and did so, negligently, despite a duty to do so correctly.

12. As a direct and proximate result of the Defendants' negligence, Plaintiff and all others similarly situated have suffered damages.

WHEREFORE, Plaintiff and all others similarly situated pray for relief as follows:

A. Judgment in favor of Plaintiff and all others similarly situated against Defendants.

B. An award of damages in the amount of, for each year that each putative plaintiff was employed, the greater of $5,000.00, or each putative plaintiff's actual losses resulting from Defendants' violation.

C. An award for pain and suffering.

D. Reasonable costs and attorney's fees pursuant.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims and issues triable by jury.

Respectfully submitted,

LAW OFFICE OF PHILLIP M. MURPHY, II

/s/ Phillip M. Murphy II
Phillip M. Murphy II  KS #61467
4717 Grand Avenue, Suite 250
Kansas City, MO 64131
(p)  913-661-2900
(f)  913-904-1348
Phillip@phillipmurphylaw.com
**ATTORNEY FOR PLAINTIFF**